IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID L., ET AL. | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 08-1604 |
| BUCKS ASSOCIATION OF RETARDED CITIZENS | : : | |

**SURRICK, J.**                                                                                                   **NOVEMBER 3, 2008**

## MEMORANDUM & ORDER

Presently before the Court is Defendant Bucks County of Retarded Citizens' Motion for Leave to Join Third-Party Defendant (Doc. No. 15). For the reasons discussed below, Defendant's Motion will be denied.

**I.      BACKGROUND**

Plaintiff's Complaint alleges that Plaintiff David L. is a resident of Bucks County, Pennsylvania, who has been diagnosed as autistic, deaf, mute and severely mentally retarded. (Doc. No. 1 ¶ 10; Doc. No. 11 ¶¶ 1, 10.) Because of his condition, Plaintiff resided in a group home operated as part of Defendant's Intermediate Care Facilities for the Mentally Retarded ("ICFMR") Program. (Doc. No. 1 ¶ 9; Doc. No. 11 ¶¶ 1, 9.) Beginning in October of 1998, an instructor named James A. French worked with Plaintiff to teach him American Sign Language. (Doc. No. 1 ¶ 17; Doc. No. 11 ¶ 17.) The parties dispute whether French was Defendant's employee, or an independent contractor retained by Defendant. (Doc. No. 1 ¶ 16; Doc. No. 11 ¶ 16.) On the evening of November 1, 2005, French arrived at Defendant's facility to work with Plaintiff. (Doc. No. 1 ¶ 22; Doc. No. 11 ¶ 22.) The Assistant Home Manager for the facility,

Christine Ellis, positioned herself across a courtyard at the facility so that she could observe Plaintiff and French when they were in Plaintiff's room. (Doc. No. 1 ¶ 24; Doc. No. 11 ¶ 24.) Plaintiff alleges that Ellis witnessed Plaintiff and French enter a walk-in closet together. (Doc. No. 1 ¶¶ 26-27.) Ellis entered Plaintiff's room, opened the closet door and found both Plaintiff and French in a situation strongly suggesting sexual activity. (Doc. No. 1 ¶ 28; Doc. No. 11 ¶ 28.) Plaintiff was taken to the hospital, where an examination and subsequent police investigation determined that he had been subject to sexual contact by French. (Doc. No. 1 ¶ 31.) French was prosecuted and convicted of rape and involuntary deviant sexual intercourse for his actions involving Plaintiff. (Doc. No. 1 ¶ 33; Doc. No. 11 ¶ 33.)

On April 3, 2008, Plaintiff and his sister and next friend Lisa L. filed this action claiming violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 754 (Count 1), (Doc. No. 1 ¶¶ 49-53), as well as negligent supervision (Count II), and negligence per se (Count III), (*id*. ¶¶ 54-78). After initially filing a Motion to Dismiss, (Doc. No. 5), which was withdrawn by stipulation, (Doc. No. 10), Defendant filed an Answer on June 9, 2008, (Doc. No. 11). On July 9, 2008, Defendant filed the instant Motion, seeking to join French as a Third-Party Defendant. (Doc. No. 15.) Defendant argues that French is the "responsible party for any injuries and/or damages which the Plaintiff is alleged to have sustained." (*Id*. at ¶ 9.)

Plaintiffs filed a response on July 25, 2008, stating that they "have no position as to the legal merits" of Defendant's joinder motion. (Doc. No. 18 at 1.) Notwithstanding this representation, however, Plaintiffs state that they:

> [D]o not believe that the joinder of French will aid in the resolution of this matter. All parties agree that French is currently incarcerated in the Pennsylvania State Correctional Facility located in Camp Hill, Pennsylvania. French has at least five, and as many as thirteen, years remaining in his term of incarceration, followed by an

additional twenty years of probation. The parties also agree that French is likely "judgment proof," given his current living situation and lack of insurance.

(*Id*.) Plaintiff concluded by stating his belief that "French should not be joined in this matter." (*Id*. at 2.)

Fact discovery in this matter promises to be difficult. There are many issues that need to be addressed. These include, but are not limited to: the severity of Plaintiff's mental retardation, (Doc. No. 1 ¶¶ 9-10; Doc. No. 11 ¶¶ 9-10); whether Defendant employed staff capable of effectively communicating with Plaintiff, (Doc. No. 1 ¶¶ 13-15; Doc. No. 11 ¶¶ 13-15); whether Defendant checked French's references or verified his insurance status prior to his beginning to work with Plaintiff, (Doc. No. 1 ¶ 18; Doc. No. 11 ¶ 18); whether there were indications of an improper relationship between French and Plaintiff prior to November, 2005, (Doc. No. 1 ¶¶ 19-20; Doc. No. 11 ¶¶ 19-20); whether Defendant's policies prohibited French from being alone with Plaintiff behind closed doors, (Doc. No. 1 ¶ 32; Doc. No, 11 ¶ 32); whether there was sexual contact between Plaintiff and French at any time other than on November 1, 2005, (Doc. No. 1 ¶ 44; Doc. No. 11 ¶ 44); and what the impact of French's sexual assault on Plaintiff has been, (Doc. No. 1 ¶¶ 70, 78; Doc. No. 11 ¶¶ 70, 78). Morever, it appears that expert testimony on both liability and damages will be offered.

**II.   DISCUSSION**

Joinder of third-party defendants is governed by Federal Rule of Civil Procedure 14, which provides, in relevant part:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer.

3

Fed. R. Civ. P. 14(a)(1).  Whether to grant leave where, as here, a defendant has moved to implead a third-party defendant more than ten days after filing its answer, is left to the sound discretion of the district court.  *See Somportex v. Phila. Chewing Gum Corp.*, 453 F.2d 435, 439 n.6 (3d Cir. 1971) (" [A] court, called upon to exercise its discretion as to impleader, must balance the desire to avoid circuity of actions and to obtain consistent results against any prejudice that the plaintiff might suffer from complications of the case."); *see also Fuel Transp. Co., Inc. v. Fireman's Fund Ins. Co. of Newark, N.J.*, 108 F.R.D. 156, 158 (E.D. Pa. 1985) ("The decision whether to permit joinder in a particular case . . . is committed to the discretion of the district court."); *Feinaugle v. Pittsburgh and Lake Erie R.R. Co.*, 595 F. Supp. 316, 317 (W.D. Pa. 1985) ("[J]oinder of third-party defendants under Rule 14 is not automatic; rather the decision to permit joinder rests with the sound discretion of the trial court.").  Courts in this circuit have considered several factors in exercising this discretion, including "(1) the possible prejudice to Plaintiffs; (2) the potential for complication of issues at trial; (3) the timeliness of the attempt to join third parties; and (4) the probability of trial delay." *Con-Tech Sales Defined Benefit Trust v. Cockerham*, 715 F. Supp. 701, 704 (E.D. Pa. 1989); *see also Scobie v. Waco Equip. Co.,* No. 03-1224, 2008 WL 1943551, at *1 (W.D. Pa. May 1, 2008) (articulating similar factors); *McCurdy v. Wedgewood Capital Mgmt. Co.*, No. 97-4304, 1999 WL 554590. at *1 (E.D. Pa. July 16, 1999) (same).

Upon consideration of these factors, we conclude that joining French in this matter would unnecessarily complicate and delay this litigation.  As noted above, discovery in this matter will necessarily be extensive and complicated.  Not only are there numerous disputed factual issues, but Plaintiff's circumstances prevent him from assisting in the development of this case in the

4

manner that a plaintiff typically would.  To add a defendant to this litigation who has already been found guilty of the conduct that gave rise to Plaintiff's claim, and who is incarcerated, has no insurance, is judgment proof, and who will undoubtedly be acting pro se, would accomplish very little.  It would, however, make an already difficult case significantly more difficult and would guarantee delay, all to the detriment of Plaintiff.

Both of the parties have indicated a desire to take the deposition of French.  Although this may be difficult, it can be accomplished with minimal delay.  Thus, French's version of events will be available to both parties.  If French had any ability to contribute to Plaintiff's damages or indemnify Defendant in the event the Defendant is found liable, the situation might be different.  However, the parties agree that this is not the case.  Under the circumstances, we conclude that granting leave to add French as a defendant in this case is inappropriate. Accordingly, Defendant's Motion will be denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID L., ET AL. | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 08-1604 |
| BUCKS ASSOCIATION OF RETARDED CITIZENS | : : | |

### ORDER

AND NOW, this __3rd__ day of November, 2008, having considered Defendant Bucks Association of Retarded Citizens' Motion for Leave to Join Third-Party Defendant, (Doc. No. 15), it is ORDERED that the Motion is DENIED.

IT IS SO ORDERED.

BY THE COURT:

*/s/ R. Barclay Surrick*, **Judge**